PETERSON, Respondent, v. CRAWLEY et al., Appellants.

(162 N. W. 369.)

(File No. 3972.   Opinion filed April 30, 1917.)

**Banks and Banking—Deposit to Improve Mortgaged Land—Mortgagor and Mortgagee's Agreement—Bank's Appropriation to Mortgagor's Bank Debt, Liability of Bank.**

Mortgagor and mortgagee of land agreed that $1000 of a $2000 draft, proceeds of a fire insurance loss on improvements on the property, should be applied for erection of a new house on the land; the draft was accordingly endorsed by mortgagor and mortgagee and left with cashier of defendant bank for deposit therein in his name as to $1000, to be used, to the knowledge of the cashier, for said purpose. Thereafter mortgagor agreed with mortgagee to apply said deposit money toward payment of the mortgage. Held, that the bank, being charged with knowledge of its cashier, accepted the deposit as a special deposit in trust, for benefit of mortgagor and mortgagee only; that the fact that the fund was deposited in cashier's name gave the bank no right to appropriate the

deposit in satisfaction of mortgagor's indebtedness to it; and that the agreement to so apply the fund was controlling as against the bank and its cashier.

Appeal from Circuit Court, Custer County. Hon. LEVI McGEE, Judge.

Action by Albertina Crofstrom Sneve Peterson, against Jesse E. Crawley and others, to foreclose a mortgage and to recover a deposit in defendant bank for application toward payment of the mortgage debt. From a judgment for plaintiff, and from an order denying a new trial, defendant bank and Randall, its cashier, appeal. Affirmed.

*Williams & Sweet*, for Appellant.

*Schrader &Lewis*, for Respondent.

Respondent cited: Kimmel v. Dickson, 5 S. D. 221; Fogg v. Tyler, (Me.) 82 A. 1008; 39 L. R. A., N. S., 847 and cases cited in the notes; Am. & Eng. Ann. Cases, 1913 E. 42 and notes; 3rd Vol. R. C. L., p. 517, Sec. 146; p. 519, Sec. 148; p. 522, Sec. 150; and p. 550, Sec. 157, and cases cited in notes.

SMITH, J. The defendant Jesse E. Crawley, owner of certain lands in Custer county, executed a mortgage to the plaintiff to secure an indebtedness of $3,500. The dwelling house thereon, which was insured for $3,000, was destroyed by fire. The policy of insurance was not so drawn as to inure to the benefit of the mortgagee. Shortly after the fire the insurance company sent its authorized agent to adjust the loss. Prior to such adjustment the agent called at the home of Mrs. Peterson, the plaintiff, and there learned of the existence of the mortgage. An adjustment was made, and, with the consent of Mrs. Peterson and Crawley, the mortgagor, a draft for the amount of $2,000 covering the loss was issued in their joint names, and sent to one Randall,, who was local agent of the insurance company at Rapid City, and was also cashier of the Merchants' Loan & Trust Company, codefendant in this action. Pending the adjustment of the loss, the plaintiff, Mrs. Peterson, raised some question as to the sufficiency of the mortgage security, owing to the destruction of the house, and Crawley expressed to her his purpose and desire to use $1,000 of the insurance money for the erection of a new house on the land, which was consented to by her. With this understanding, the draft in the hands of Randall was indorsed by both Mrs. Peterson and Crawley and left with him for deposit in the defend-

ant bank, with the understanding that $1,000 thereof should be de-
posited in the name of Randall, to be used and disbursed for the
purpose of erecting the house, and that the remaining $1,000
should be deposited in the bank to Crawley's account. The cashier,
Randall, however, deposited only $800 in his own name, and issued
a deposit slip therefor, containing the notation:

"To be used by P. L. Randall in constructing new house."

The remaining $1,200 was deposited in Crawley's name.
Later the defendant Crawley concluded not to rebuild, and in a
letter to plaintiff so advising her said:

"I would like to apply the $1,000 insurance deposited on your
mortgage. This money, as you know, will only lay in the bank
and cannot do either of us any good. Hoping this meets with
your favor, I am your friend."

Plaintiff consented to this proposition and Crawley sent her
a check for $200 on another bank, and another check for $800
drawn on the Merchants' Loan & Trust Company. The Mer-
chants' Loan & Trust Company refused payment on this check on
the ground that Crawley was indebted to the bank, and that the
bank had the right to appropriate this deposit in settlement of
such indebtedness. About this time the defendant Crawley dis-
appeared, and thereafter this action was brought by plaintiff to
foreclose her mortgage, and the defendant bank and Randall, its
cashier, were made parties thereto, plaintiff claiming the right to
recover the deposit of $800 from the bank to apply on Crawley's
indebtedness, and to a judgment of foreclosure and sale for the
balance of the amount due on the mortgage.

The trial court found that the $800 was received by the de-
fendant bank and its cashier, Randall, for the sole purpose of
applying the same to the erection of a dwelling house upon the
premises covered by the mortgage, and to enhance the mortgage
security, and that the same was a special deposit held by Randall
in trust for the benefit of plaintiff and said Crawley, and for such
purpose only, and that the defendant Crawley, by agreement with
plaintiff, had the lawful right to direct, and did agree and direct,
that the amount so deposited should be applied upon the mortgage
indebtedness. The evidence conclusively shows that the cashier
Randall, was fully advised as to the purpose for which the deposit
of $800 was made in his name, and that it was not a deposit for

the use and benefit of Crawley himself nor the bank. The bank itself was charged with this knowledge of its cashier, and had no more right to appropriate this deposit to its own use than would Randall himself. The bank accepted the deposit with full knowledge that the same was not intended to become, and did not become, any part of Crawley's personal funds or deposit, and the fact that the fund was so deposited in the name of Randall, its cashier, gave the bank no right to appropriate the deposit in satisfaction of Crawley's indebtedness to the bank. It is clear that neither the bank nor Randall, the cashier, had any interest in or control of the fund so deposited, except such as was expressly conferred by the agreement of Mrs. Peterson and Crawley. We are of the opinion that this fund constituted a special deposit in Randall's name for the sole use and benefit of Mrs. Peterson and Crawley, and that they had the legal right to dispose of it, as they did, in applying it in part payment of plaintiff's mortgage. The record conclusively shows that Mrs. Peterson and Crawley had agreed to this application of the fund long before any attempt was made by the bank to apply it in satisfaction of Crawley's indebtedness to the bank. The only question raised upon this appeal is the sufficiency of the evidence to sustain the findings of the trial court. A careful examination of the evidence convinces us that the findings are fully sustained by the evidence. No useful purpose would be served by a discussion or review of the evidence.

The findings, conclusions, and judgment of the trial court are in all things affirmed.